UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81128-CIV-MARRA/JOHNSON

DWIGHT LUCK, and
LYNNE LUCK,

    Plaintiffs,

vs.

DANIEL J. GALLAGHER,

    Defendant.
_____

## OPINION AND ORDER

This cause is before the Court upon Defendant Daniel J. Gallagher's Motion to Dismiss the Complaint [DE 4].  Plaintiffs Dwight and Lynne Luck have filed a response to the motion [DE 5]. No reply memorandum has been filed.

The Complaint alleges breach of contract by Defendant for failure to make timely payments as required under a settlement agreement previously entered into between Plaintiffs and Defendant. (Compl. ¶¶ 14-17.)  The Complaint states that Plaintiffs are residents of Michigan and Defendant is a resident of New York.  (Compl. ¶¶ 1-2.)  In addition, the Complaint seeks $200,000 in damages based on Defendant's alleged breach of the settlement agreement. (Compl. ¶ 14, 16.)

"It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." University of So. Ala. v. American Tabacco Co.,

168 F.3d 405, 409 (11th Cir. 1999). Diversity jurisdiction exists if the party invoking the jurisdiction of the federal court can show that the action is between citizens of different states and involves an amount in controversy in excess of $75,000. See 28 U.S.C. § 1332. Clearly, then, the allegations of the Complaint give rise to diversity jurisdiction.

Nonetheless, Defendant contends there is no subject matter jurisdiction. This claims fails.[1] Defendant's argument rests primarily on his erroneous interpretation of an order entered by Magistrate Judge Ann E. Vitunac in October of 2007 which relates to a 2003 case that gave rise to the settlement agreement that is the subject of the instant dispute. That 2007 Order addressed Plaintiffs' Motion for Default for Defendant's Failure to Abide by Settlement Agreement. Specifically, that Order requested briefing addressing whether the Magistrate Judge had jurisdiction to enforce the settlement agreement in light of the fact that the Court did not review the settlement agreement or retain jurisdiction over the agreement.[2] (DE 61 in case no. 03cv80511-AEV.) Based on that request for briefing, Defendant claims that this Court lacks subject matter jurisdiction over the instant action.

The Court disagrees. Simply put, this is a new case with a new claim that properly alleges diversity jurisdiction.[3] The Magistrate Judge's order did not address whether *any* federal court would have subject matter jurisdiction over claims arising out of an alleged breach of the

---

[1] The Court notes that Defendant has failed to file a memorandum of law citing supporting authorities as required under Rule 7.1(A) of the Local Rules of the Southern District of Florida.

[2] Plaintiffs subsequently withdrew their motion for default.

[3] The Court notes that the Complaint also states that subject matter jurisdiction exists due to the settlement agreement. Given that the Complaint alleges diversity jurisdiction, however, the Court need not address this basis for subject matter jurisdiction. (Compl. ¶ 3.)

settlement agreement entered into by the parties.  Instead, the Magistrate Judge's order simply questioned whether the Court could enforce the settlement agreement entered into by the parties in that earlier action when the Court never reviewed or retained jurisdiction over the agreement.

Accordingly, for the reasons stated herein, Defendant Daniel J. Gallagher's Motion to Dismiss the Complaint [DE 4] is **DENIED.**

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida this 22nd day of February 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies to:

All counsel of record